LINCOLN V. HORTON
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Counsel for Plaintiff ZURICH AMERICAN
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PACTRACK INC., and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. 2:25-cv-12438 <br><br> **COMPLAINT FOR DAMAGES** |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff" or "Zurich") brings this action against Defendants PACTRACK INC. and DOES 1 to 10 (collectively "Defendants" or "Pactrack"), and alleges as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiff Zurich is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  Zurich is authorized to transact business and has transacted business in California.

2. Plaintiff is informed and believes and based on such information and belief alleges that Defendant Pactrack is a California corporation with its principal place

1

of business located at 11135 Rush Street, Suite A, El Monte, CA 91733-3511. Valdez is authorized to transact business and is transacting business in the county of Los Angeles in the state of California.

3. The amount at issue in this case is over $75,000.00.

4. This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

5. Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Plaintiff, and when such true names are ascertained, Plaintiff will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure. Plaintiff is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Plaintiff, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Plaintiff.

6. At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them. Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

## GENERAL ALLEGATIONS

7. At Defendants' request, Workers Compensation insurance policy no. WC 09318044-00 was issued by Zurich for the policy period October 1, 2023 to

2

October 1, 2024 ("Agreement").

8. Pursuant to the terms of the Agreement, the initial premium charged for each policy is based on an estimate of payroll exposure by the insured, subject to adjustment based on a payroll and remuneration audit performed by Zurich after the policy period to "true-up" the estimated payroll exposure with the actual payroll exposure.

9. Zurich ultimately performed the required payroll audit for the Agreement after the conclusion of the policy period.

10. On or about April 16, 2025, Zurich issued the post-policy period audit results for the WC Agreement to Defendants with a demand for payment of an additional premium owed totaling $151,135.00.

11. Zurich followed up regarding payment for the outstanding premium balance owed for the Agreement totaling $151,135.00, but no payment was made by Defendants.

12. On or about November 11, 2025, Zurich sent Defendants a Statement of Account requesting the premium owed after audit of $151,135.00, plus interest, but received no payment.

13. Despite its follow up efforts, to date Zurich has not received payment, in whole or in part, from Defendants for the outstanding premium owed for the Agreement totaling $151,135.00.

## FIRST CAUSE OF ACTION

(Breach of Contract for Damages Against All Defendants)

14. Zurich incorporates by reference each and every allegation contained in paragraphs 1 through 13 above, as though fully set forth herein.

15. At Defendants' request, Zurich issued the insurance policy and coverage set forth in the terms of the Agreement.

16. Zurich fulfilled its contractual obligations to Defendants by providing the insurance coverage set forth in the Agreement.

3

17. Zurich issued the audit results and demand for payment by Defendants of the outstanding premium owed after payroll audit of $151,135.00.

18. On or about November 11, 2025, Zurich issued a Statement of Account and demand for payment of the outstanding premium owed for the Agreement totaling $151,135.00, plus interest, but no payment has been made.

19. Despite follow up efforts, to date Zurich has not received payment, in whole or in part, from Defendants for the premium currently outstanding and owed for the Agreement, totaling $151,135.00.

20. Defendants materially breached the Agreement by failing to pay Zurich the outstanding premium owed totaling $151,135.00.

21. Defendants continue to be in breach of the Agreement by failing to pay Zurich the outstanding premium owed totaling $151,135.00.

22. Zurich did not waive or otherwise excuse Defendants' obligations pursuant to the Agreement to pay Zurich the outstanding premium owed totaling $151,135.00.

23. As a direct and proximate result of Defendants' breaches of their obligations pursuant to the Agreement, Zurich has been damaged in the amount of $151,135.00 for the billed but unpaid premium.

24. Zurich seeks and is entitled to obtain a judgment for damages according to proof, plus daily pre-judgment interest calculated at the applicable statutory rate, costs of suit, and such other and further relief as the court deems proper.

WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

1. For damages according to proof at trial.

2. For an award of daily pre-judgment interest.

3. For costs of suit.

4. For a judgment/order requiring specific performance.

4

5.  For such other and further relief as the court may deem proper.

Bench Trial requested by Zurich.

DATED:  December 31, 2025   HORTON VILLAGE LAW GROUP, APC


By:  /s/ Lincoln V. Horton _____
  LINCOLN V. HORTON
Counsel for Plaintiff ZURICH
AMERICAN INSURANCE COMPANY

5

COMPLAINT FOR DAMAGES